# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| RALPH WOODS, SR., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| BRUNSWICK CIRCUIT DISTRICT ATTORNEY'S OFFICE, BRUNSWICK CIRCUIT PUBLIC DEFENDER'S OFFICE, and LOLA JAMSKY, Clerk of Superior Court, Brunswick District, | : : : : : | |
| Defendants. | : | NO. CV209-129 |

## ORDER

Plaintiff, Ralph Woods, Sr., sued Defendants, the Brunswick Circuit District Attorney's Office, the Brunswick Circuit Public Defender's Office, and Lola Jamsky, the Clerk of the Superior Court of Glynn County, asserting a conspiracy and constitutional claims based on his Sixth Amendment right to counsel, his right to have access to the courts, and a due process claim.

The Magistrate Judge entered a report and recommendation that suggested that the Court dismiss Woods' claims against the District Attorney and Public Defender. The case is presently before the Court on Woods' objection to the Magistrate Judge's suggested disposition of the case. The objection will be **SUSTAINED** in part, and **OVERRULED** in part.

**BACKGROUND**

In early 2008, the State of Georgia charged Woods, along with three co-defendants, Keith Williams, Curtis Grant, and a Mr. Robinson, with murder. The record suggests that the crime took place near Adams Market on Norwich Street, in Brunswick, Georgia.

According to Woods' complaint, he was arrested on January 23, 2008, and was not appointed counsel, Mr. Gilbert, until October 20, 2008. Woods does concede that the Public Defender's office did represent him, at least in name, for much of that time. However, according to Woods, on September 22, 2008, Woods had a hearing before the Superior Court, wherein he was represented by no lawyer at all. According to Woods, the murder indictment was

dismissed, and he is being detained without an indictment. Woods asserts that he moved for a speedy trial *pro se*, but the Clerk ignored that motion.

Further, Woods' objection suggests that the Public Defender's office only actively represented Woods' co-defendant, Keith Williams, because of budgetary constraints. The objection also implies that Woods' public defender did nothing on his behalf because of funding woes in the Public Defender's Office. Dkt. No. 12 at 2. Woods' objection suggests that for ten months, he did not have conflict-free, effective counsel, and that his public defender did not represent his interests during that time period. In contrast, the public defender did file a demand for trial as to Williams. Dkt. No. 12 at 7-8.

Woods' objection also implies that his ability to mount a defense and find witnesses was hampered by the decision of the Public Defender's Office to not allocate any investigative resources to his case. *See* Dkt. No. 12 at 3 & 8-9.

**DISCUSSION**

"Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988); *State Contr. & Eng'g Corp. v. Condotte Am., Inc.*, 368 F. Supp. 2d 1296, 1300-01 (S.D. Fla. 2005).

Here, Woods' "objection" consists of a partial, thirteen page court transcript, wherein Woods has used a highlighter to describe or suggest his legal and factual grounds for relief. Apparently, the transcript is a court hearing concerning Woods, and one or more co-defendants in his state criminal case. In addition to highlighting certain passages, Woods did take the trouble to write in his name ("and Mr. Woods") in several instances where his co-defendant's name, Mr. Robinson, is mentioned.

Moreover, the transcript is consistent with the allegations in Woods' complaint, at least as to his allegations against the Public Defender's office. And even though the objection does expand on the allegations set forth in the complaint, the Court has the discretion to

consider these new arguments and evidence. *See Williams v. McNeil*, 557 F.3d 1287, 1290-92 (11th Cir. 2009). The form of Woods' objection leaves much to be desired, and the Court does not condone this practice. Nonetheless, the tenor and substance of the prisoner's dispute with the Magistrate Judge's conclusion is plain, at least as to allegations against the Public Defender. Therefore, the Court will consider the merits of those averments.

With respect to the allegations against the Public Defender, the Court will sustain Woods' objection. This case is before the Court on a frivolity review, and the law does not require a *pro se* prisoner plaintiff to prove his allegations at this stage of the case. Woods' allegations plausibly suggest that the Public Defender failed to provide him with counsel based on structural problems, or cost considerations. Woods does not allege that his public defender made a strategic blunder, or did an inadequate job representing him because he was incompetent in any particular; rather, Woods complains that he was left without a lawyer at all. Dkt. No. 12.

The Supreme Court has recognized that a public defender may act "under color of state law while performing certain

administrative and possibly investigative functions[,]" so as to subject the office to civil liability under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Miranda v. Clark County*, 319 F.3d 465 (9th Cir. 2003)(*en banc*)(public defender's office may be liable under § 1983 for policy that leads to a denial of an individual's right to effective representation by counsel).

In sum, at this stage of the proceedings, the Court does not find that Plaintiff's allegations relate to a public defender performing the "traditional functions as counsel[,]" which would allow that Defendant to escape liability under governing law. However, because Woods has raised no objection regarding the Magistrate Judge's suggested disposition of his claim against the District Attorney, that portion of the report and recommendation is adopted and will stand as the order of the Court. 28 U.S.C. § 636(b).

### **CONCLUSION**

For the reasons explained above, Woods' objection is **SUSTAINED** in part, and **OVERRULED** in part. Dkt. No. 12. Woods states a claim entitling him to relief against the

Public Defender's Office, but his claim against the District Attorney's Office stands dismissed for the reasons explained by the Magistrate Judge.

**SO ORDERED**, this __17th__ day of February, 2010.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA